IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01120-REB-MEH

NICK LYNCH,

    Plaintiff,

v.

ADAM BARRETT,
STEPHEN KENFIELD,
MICHAEL MORELOCK,
ABBEGAYLE DORN, and
THE CITY AND COUNTY OF DENVER,

    Defendants.

## ORDER ON MOTION TO STAY DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendants' Motion to Stay Discovery [filed July 7, 2011; docket #16]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #17]. The motion is fully briefed, and the Court finds that oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants in part and denies in part** the motion.

## BACKGROUND

    On April 27, 2011, Plaintiff initiated this action seeking monetary and punitive damages against Defendants for alleged violations of his constitutional rights. Complaint at 7, docket #1. Essentially, Plaintiff claims that the individual Defendants have denied him access to the courts, after he lost a prior lawsuit, by refusing or failing to identify the police officer who allegedly used excessive force against the Plaintiff while taking him into custody in March 2008. *Id.* at 5-6. Plaintiff also claims that the Defendant City and County of Denver has adopted an official practice

or custom of not disciplining police officers unless the evidence against them is clear. *Id.* at 6-7.

Defendants responded to the Complaint by filing a motion to dismiss Plaintiff's claims against the individual Defendants as barred by the qualified immunity doctrine and the claim against the City as time-barred by the statute of limitations. *See* Motion to Dismiss, docket #12. Thereafter, Defendants filed the present Motion to Stay Discovery arguing that a stay is proper pending the disposition not only of the qualified immunity question, but also the limitations question since the motion, if granted, would dispose of the entire claim. Motion, docket #16. Defendants assert that Plaintiff's requested discovery from the City is not only burdensome, but also implicates the privacy interests of both the individual Defendants and certain other third parties. *Id.*

Plaintiff agrees that a stay is appropriate as to the individual defendants (and, in fact, claims that discovery was completed as to the individual officers in the prior lawsuit), but opposes Defendants' request to stay discovery as to the City. Response, docket #18. Plaintiff contends that, because he was denied the opportunity to bring his claims in the prior lawsuit for lack of ripeness, "the equities of the situation dictate against further delay caused by the requested stay." *Id.* at 2. Moreover, Plaintiff claims the burden on the City is minimal, but the interests of the public as to police "cover ups" is "intense" and, therefore, must be brought to an "open judicial examination." *Id.* at 3.

## DISCUSSION

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Here, Defendants seek protection from the burdensome expense and possible intrusiveness of discovery at this stage in the case.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

The following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay and considering the trial calendar set in this case by Judge Blackburn, the Court finds that a temporary stay of discovery until October 14, 2011 is appropriate in this case.

With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with his case against the burden on a defendant of going forward. Here, the Plaintiff has expressed an interest in proceeding expeditiously, particularly considering that he has already litigated related claims in the prior lawsuit. While this may be true, however, there is no dispute that Plaintiff's claims were not ripe until the resolution of the prior matter; therefore, the Court finds no "delay" caused by the prior litigation.

Moreover, the Court finds Plaintiff's interest offset by Defendants' potential burden of unnecessary time and expense, should the motion to dismiss dispose of the entire action. While the

3

Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

Further, the Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

Here, as set forth above, Defendants have asserted, among other defenses, that the individual Defendants enjoy qualified immunity from the Plaintiff's claims. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendants' motion raises a legal question of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534.

Finally, the Court finds that allowing discovery to continue in this matter against the City alone at this early stage of the litigation would not serve the interests of judicial economy and efficiency. Notably, Plaintiff does not explain why it is important to bring his issues into an "open judicial examination" sooner rather than later. However, the Court is mindful that Judge Blackburn has set this case for trial, and discovery among the parties will be necessary to prepare. As such, an indefinite stay of the proceedings would be improper.[1]

Therefore, weighing the factors necessary to consider whether to grant the requested stay, the Court finds that a temporary stay of discovery is justified and will be imposed until October 14, 2011.

### III.   Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery [filed July 7, 2011; docket #16] is **granted in part and denied in part**. A temporary stay of discovery in this case until October 14, 2011 is hereby imposed. The stay shall be lifted on the next business day, October 17, 2011, or upon the denial (whether in whole or in part) of the motion to dismiss, whichever occurs first. The parties shall file a status report within five (5) days of any order denying or denying in part their motion to dismiss, informing the Court of the order and the status of all relevant discovery undertaken, if any.

Dated at Denver, Colorado, this 21st day of July, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] *See, e.g.,* REB Practice Standards - Civil Cases, II.F.: "Motions to continue are strongly discouraged because of the adverse effects they have on case management."